

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-24,262-03

**EX PARTE TODD WILLIAM BARR, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 27680-A(1) IN THE 42ND DISTRICT COURT
### FROM TAYLOR COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted of arson and sentenced to forty years' imprisonment. The Eleventh Court of Appeals affirmed his conviction. *Barr v. State*, No. 11-19-00040-CR (Tex. App. — Eastland Feb. 26, 2021) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court.[1] *See* TEX. CODE CRIM. PROC. art. 11.07.

---

[1]It appears that at least one page of Applicant's memorandum is missing from the record forwarded to this Court, and the trial court's findings of fact and conclusions of law appear to be incomplete. It is not clear whether the memorandum page was missing from the record filed in the district court and whether the trial court's findings of fact were incomplete when they were entered, or whether these items were omitted from the record forwarded to this Court.

Applicant contends, among other things,[2] that he received ineffective assistance of both trial and appellate counsel. Applicant alleges that trial counsel was ineffective because counsel allowed the State to introduce a video recording from a gas station without objection, although the State indicated that the authenticating or sponsoring witness was not available on the day of trial. Applicant also alleges that although trial counsel was aware of the existence of an alibi witness more than a year before trial, counsel failed to contact that witness or prepare her to testify until three days before trial.

Applicant alleges that appellate counsel failed to adequately raise the issue that the prosecutor made improper comments about the truthfulness of a State's witness on direct appeal, despite the issue having been preserved by contemporaneous objections.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel and appellate counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall first ensure that the habeas record is complete, insofar as it contains everything filed by Applicant in that court. The trial court shall make findings of fact and

---

[2]This Court has reviewed Applicant's other claims and finds them to be without merit.

conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court shall also make findings of fact and conclusions of law as to whether appellate counsel's performance was deficient, and whether Applicant was prejudiced. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: October 20, 2021

Do not publish